UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID ST. AMANT,

                                         CASE NO. 2:11-CV-10402
                 Plaintiff,      JUDGE MARIANNE O. BATTANI
                                         MAGISTRATE JUDGE PAUL J. KOMIVES
v.

NATIONAL RAILROAD
PASSENGER CORPORATION,
doing business as AMTRAK,

                 Defendant,

_____/

## ORDER GRANTING AMTRAK'S THIRD MOTION TO COMPEL DISCOVERY
### (Doc. Ent. 24)

**A.    Background**

Plaintiff David St. Amant filed this case on February 1, 2011 against defendant National Railroad Passenger Corporation, doing business as Amtrak. As described by plaintiff, "[t]his action arises out of personal injuries sustained by Plaintiff, David St. Amant, to his lower back during the course of his employment with Defendant as a road foreman of engines within Oakland County, Michigan on February 24, 2008 and hence, under the Federal Employer's Liability Act , 45 U.S.C. §51 through 60, when he was negligently required by Defendant to provide baggage service to a large group of passengers without proper equipment, manpower or supervision because Defendant had previously discontinued baggage service in Michigan."  Doc. Ent. 1 ¶ 3.[1]

---

[1] Defendant filed an answer to the complaint on February 16, 2011. Doc. Ent. 3.

Originally, the discovery deadline was set for July 15, 2011 and the dispositive motion deadline was set for September 30, 2011. Doc. Ent. 7. However, on June 3, 2011, the discovery deadline was extended to November 15, 2011 and the dispositive motion deadline was extended to January 30, 2012. Doc. Ent. 9. Then, on November 14, 2011, the Court entered an order which extended those deadlines to January 16, 2012 and March 30, 2012. Doc. Ent. 15. On April 2, 2012, the dispositive motion deadline was extended to April 13, 2012. Doc. Ent. 26.

**B.     Pending Motions**

**1.**     On March 19, 2012, Amtrak filed a third motion to compel discovery. Doc. Ent. 24 at 1-5.[2] Plaintiff filed a response on April 11, 2012 (Doc. Ent. 28),[2] and Amtrak filed a reply on April 13, 2012 (Doc. Ent. 31).[3]

---

[2]*See also* Exhibit 1 (Doc. Ent. 24 at 6-9 [the August 11, 2011 report of Hubor Matos Garsault, M.D.]), Exhibit 2 (Doc. Ent. 24 at 10-15 [defendant's February 10, 2012 second requests to admit & the August 11, 2011 report of Hubor Matos Garsault, M.D.]), Exhibit 3 (Doc. Ent. 24 at 16-19 [defendant's February 10, 2012 eight requests for production of documents]), Exhibit 4 (Doc. Ent. 24 at 20-22 [plaintiff's February 22, 2012 answer to defendant's second request to admit]), Exhibit 5 (Doc. Ent. 24 at 23-25 [plaintiff's February 22, 2012 responses to defendant's eighth request for production of documents]), Exhibit 6 (Doc. Ent. 24 at 26-27 [February 28, 2012 letter]), Exhibit 7 (Doc. Ent. 24 at 28-30 [March 5, 2012 electronic mail]), Exhibit 8 (Doc. Ent. 24 at 31-32 [March 6, 2012 letter]) and Exhibit 9 (Doc. Ent. 24 at 33-39 [Amtrak's December 27, 2011 motion to compel]).

[2]*See also* Exhibit A (Doc. Ent. 28-2 [the August 11, 2011 report of Hubor Matos Garsault, M.D.]), Exhibit B (Doc. Ent. 28-3 [plaintiff's February 22, 2012 answer to defendant's second request to admit]), Exhibit C (Doc. Ent. 28-4 (plaintiff's February 22, 2012 responses to defendant's eighth request for production of documents)], Exhibit D (Doc. Ent. 28-5 [March 6, 2012 letter]), Exhibit E (Doc. Ent. 28-6 [the Court's November 14, 2011 second amended scheduling order]), Exhibit F (Doc. Ent. 28-7 [a May 4, 2011 letter & HIPAA Privacy Authorization for Disclosure of Protected Health Information Relevant to Litigation, Pending Claims or Intent to Sue for matters maintained by Dr. Humber Matos-Garsault, signed by St. Amant on April 28, 2011]), and Exhibit G (Doc. Ent. 28-8 [transcript of St. Amant's August 3, 2011 deposition]).

[3]*See also* Exhibit 1 (Doc. Ent. 31 at 7-8 [May 4, 2011 letter]), Exhibit 2 (Doc. Ent. 31 at 9-10 [May 5, 2011 letter]), Exhibit 3 (Doc. Ent. 31 at 11-12 [May 19, 2011 letter]) and Exhibit 4 (Doc. Ent. 31 at 13-14 [February 10, 2012 electronic mail]).

Judge Battani has referred this motion to me for hearing and determination. Doc. Ent. 25. A hearing on this motion was originally noticed for April 18, 2012 at 11 a.m. Doc. Ent. 27. However, on April 17, 2012, the time was changed to 12:30 p.m.

On April 18, 2012, attorneys Arvin J. Pearlman and Mary C. O'Donnell appeared.

**2.**     On April 11, 2012, Amtrak filed a motion for summary judgment. Doc. Ent. 30. Judge Battani is scheduled to hear oral argument on this motion on June 28, 2012. Doc. Ent. 33.

**E.     Discussion**

**1.**     On April 28, 2011, St. Amant executed a "HIPAA Privacy Authorization for Disclosure of Protected Health Information Relevant to Litigation, Pending Claims or Intent to Sue" for matters maintained by Dr. Humber Matos-Garsault. Plaintiff's counsel forwarded the authorization to defense counsel via a May 4, 2011 letter. Doc. Ent. 28-7.

On May 5, 2011, defense counsel requested St. Amant's medical records in the possession of Dr. Garsault. Doc. Ent. 31 at 9-10. On May 19, 2011, defense counsel made a second request of Dr. Garsault's office. Doc. Ent. 31 at 11-12. Defense counsel received Dr. Matos's records on June 1, 2011. Doc. Ent. 31 at 2 ¶ 4.

Plaintiff was deposed on August 3, 2011. Doc. Ent. 28-8. Approximately one week later, on August 11, 2011, St. Amant was examined by Huber Matos Garsault, M.D., of Fernandina Beach, FL. Dr. Garsault's report of this examination included the following note:

> Patient was asked for a [urinalysis] today and did not understand why we need a urine test, he was told that we use random urine testing to ensure that patients are taking th[ei]r prescribed medications as directed and that only what we are prescribing is in th[ei]r system. Patient states that when he was in Michigan that he smoked THC and that would be in his system and he would really need to think about if it was worth it to him to get medications from this facility. He continued to try an[d] bargain and states that the THC does help with his pain and is legal in Michigan and he travels back and forth to Florida and Michigan.

> Patient does not seem to meet criteria f[or] chronic opioid therapy for non malignant pain, encourage he seek another opinion encourage a second surgical opinion[.]

Doc. Ent. 24 at 6-9.

Pursuant to the Court's November 14, 2011 second amended scheduling order, discovery in this case closed on January 16, 2012. Doc. Ent. 15.

**2.** On or about February 8, 2012, defense counsel requested updated records from Dr. Matos. Doc. Ent. 31 at 2 ¶ 5. Such records were received on February 10, 2012. Doc. Ent. 31 at 2 ¶ 6.

On February 10, 2012, defense counsel's office provided Dr. Matos's August 11, 2011 report to plaintiff's counsel's office. Doc. Ent. 31 at 13-14 [February 10, 2012 electronic mail]). That same day, defendant served second requests to admit Nos. 1-2, which concerned the August 11, 2011 report of Dr. Matos (Doc. Ent. 24 at 10-15) and eighth requests for production of documents Nos. 1-3, which concerned Dr. Matos's August 11, 2011 report and/or medical marijuana (Doc. Ent. 24 at 16-19).

On February 22, 2012, plaintiff served an answer to defendant's second request to admit. As to each of the two requests to admit, plaintiff answered, "Plaintiff objects to this request on the basis of relevancy and on the basis that it is an improper attempt to use Rule 36 as a general discovery device and circumvent the Court's Scheduling Order which ordered that discovery was closed on January 16, 2012." Doc. Ent. 24 at 20-22.

That same day, plaintiff also served responses to defendant's eighth request for production of documents. As to each of the three requests for production, plaintiff answered, "Plaintiff objects to this request on the basis of relevancy and on the basis that it seeks discovery

of information after the close of discovery on January 16, 2012 pursuant to the Court's Scheduling Order."  Doc. Ent. 24 at 23-25.

By a letter dated March 6, 2012 to defense counsel, plaintiff's counsel represented that "Plaintiff will stipulate to the authenticity of the medical records of Dr. Humber Matos regarding David St. Amant pursuant to Fed. R. Evid. 901(11)."  Doc. Ent. 24 at 31-32.

**3.**     Upon consideration of the motion papers and the April 18, 2012 oral argument of counsel for the parties, defendant's March 19, 2012 third motion to compel discovery (Doc. Ent. 24) is granted.

First, plaintiff's objection that the discovery requests at issue "were made after the close of discovery and are therefore untimely[,]" Doc. Ent. 28 at 2-4, is overruled.  In reaching this conclusion, I note defendant's arguments that "plaintiff [did not] timely or properly supplement his discovery responses as required by the rules during the discovery period to advise Amtrak of treatment received subsequent to the service of his discovery responses[,]"[4] and "[h]ad plaintiff timely advised Amtrak of [his August 11, 2011] visit [to Dr. Matos], or timely produced to Amtrak the records of this visit, Amtrak counsel could have served Amtrak's requests relative to this August 2011 visit prior to and within the discovery period."  Doc. Ent. 31 at 3 n.1.  Also, even though discovery closed on January 16, 2012, defendant has established that it reasonably

---

[4]Presumably, defendant is invoking Fed. R. Civ. P. 26(e) ("Supplementing Disclosures and Responses.") in support of this statement.

5

requested updated records on February 8, 2012[5] and that the ensuing Requests to Admit and Requests for Production at issue were served promptly upon receipt of the updated information.

Second, plaintiff's objection that the discovery requests at issue "are not relevant to any claim or defense of the parties[,]" Doc. Ent. 28 at 2, is also overruled. Although plaintiff argues that "[d]efendant's requests regarding plaintiff's use of marijuana are irrelevant[,]" Doc. Ent. 28 at 4-5, I conclude that the information requested is discoverable as defined by Fed. R. Civ. P. 26(b) ("Discovery Scope and Limits."). Whether the information requested is relevant under Fed. R. Evid. 401 ("Test for Relevant Evidence") or may be excluded under Fed. R. Evid. 403 ("Excluding Relevant Evidence for Prejudice, Confusion, Waste of Time, or Other Reasons") is a matter to be addressed by a motion in limine and/or at trial.

**F.     Order**

Accordingly, Amtrak's third motion to compel discovery (Doc. Ent. 24) is GRANTED. Plaintiff must serve amended answers / responses to the defendant's February 10, 2012 discovery requests (Request to Admit Nos. 1-2 & Request for Production of Documents Nos. 1-3) within fourteen (14) days of the date of this order, unless objections to this order are timely filed.

IT IS SO ORDERED.

---

[5]As noted in defendant's reply, April 25, 2011 was "the date of the last record in the set of records received on June 1, 2011[.]" Doc. Ent. 31 at 2 ¶ 5. Based on the passage of time since the June 1, 2011 receipt of documents from Dr. Matsos, defense counsel requested updated records from Dr. Matos on February 8, 2012. Doc. Ent. 31 at 2 ¶ 5. At that time, the dispositive motion deadline was set at March 30, 2012. Doc. Ent. 15.

          #11-10402
ST. AMANT v. National Railroad Corp.

The attention of the parties is drawn to Fed. R. Civ. P. 72(a), which provides a period of fourteen (14) days from the date of receipt of a copy of this order within which to file objections for consideration by the district judge under 28 U.S.C. § 636(b)(1).

Dated: April 19, 2012        s/Paul J. Komives
                                        PAUL J. KOMIVES
                                        UNITED STATES MAGISTRATE JUDGE

I hereby certify that a copy of the foregoing document was sent to parties of record on April 19, 2012 electronically and/or U.S. mail.

                                        s/Michael Williams
                                        Relief Case Manager for the Honorable Paul J. Komives